IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MANDELA JONES,** **#R58422,** | |
| **Plaintiff,** | Case No. 24-cv-01405-SPM |
| v. | |
| **DARREN GALLOWAY,** **JON LOFTUS, and** **LATOYA HUGHES,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mandela Jones, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Shawnee Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that while he was incarcerated at Shawnee Correctional Center (Shawnee) from 2022-2024[1] there were periods of time when he was not provided safe drinking water. (Doc. 1, p. 6). The water was contaminated, dirty, smelly, and under a "boil order." Plaintiff has type 2 diabetes, and the water caused intestinal distress. He experienced vomiting, diarrhea, and stomach

---

[1] Plaintiff states that his Eighth Amendment rights were violated from September 24, 2023, through September 29, 2024, but he initiated this litigation on May 29, 2024. Later in the Complaint, Plaintiff writes that the water was unsafe to drink between January 24, 2022, and September 16, 2023, and 2024. (Doc. 1, p. 9).

pain. Because Plaintiff is indigent, he was unable to purchase bottled water from the commissary. He wrote a grievance and still was not provided safe, clean drinking water.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment conditions of confinement claim against Galloway, Loftus, and Hughes for denying Plaintiff clean drinking water.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

To sufficiently plead an Eighth Amendment claim based on inadequate prison conditions, the plaintiff must establish that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Prison officials cannot "deprive inmates of drinkable water." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). Thus, Plaintiff has met the objective component of his Eighth Amendment claim. The Court also finds that Plaintiff has sufficiently pled that Warden Galloway acted with deliberate indifference towards a risk to his health and safety by failing to ensure he was provided clean drinking water. Plaintiff states that he wrote a grievance regarding the lack of potable water that was reviewed by Galloway and that other indigent inmates, who were unable to purchase

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

bottled water from the commissary, experienced similar gastrointestinal symptoms from drinking the water. As the warden, the Court can plausibly infer that Galloway had operational responsibility for providing safe water at Shawnee and knew of status of the drinking water and the existence of the boil water order that had been issued. *See Gray v. Hardy,* 826 F. 3d 1000, 1008 (7th Cir. 2016) (finding that a jury could infer that the warden was aware of the pest infestations in the facility). Accordingly, Count 1 will proceed against Galloway.

Count 1 is dismissed, however, against Director Hughes and Administrative Review Board Member Loftus. Plaintiff attempts to hold these two individuals liable solely because they reviewed and denied his grievance about the unsafe drinking water at Shawnee. The mere receipt of a single grievance from a prisoner is insufficient to establish that a prison official was personally involved in the constitutional violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

### REQUEST FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 2). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing,

the Court finds that Plaintiff has not made a reasonable attempt to find counsel, and the motion for recruitment of counsel is **DENIED.** (Doc. 2). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### CLASS CERTIFICATION

In the Complaint, Plaintiff, who is proceeding pro se, asks the Court to certify this case as a class action. (Doc. 1, p. 7). Under Federal Rule of Civil Procedure 23(a)(4), the class must be provided adequate representation, and "courts have repeatedly declined to allow pro se prisoners to represent a class in a class action." *Smith v. Carr,* No. 23-cv-261-wmc, 2023 WL 3600699, at *1 (W.D. Wisc. May 23, 2023) (citations omitted). To remedy this problem, Plaintiff seeks the appointment of counsel for class certification purposes. Plaintiff, however, has "neither a constitutional nor statutory right to a court-appointed attorney," *James v. Eli,* 889 F. 3d 320, 326 (7th Cir. 2018). And as discussed above, he has not demonstrated reasonable attempts to secure counsel prior to seeking assistance from the Court. Accordingly, because Plaintiff cannot satisfy the element of adequacy of representation, the request for class certification is **DENIED.** *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis omitted).

### MOTION TO TRANSFER AND MOTION FOR STATUS

Plaintiff has filed a third motion requesting a transfer to another facility and requested a temporary restraining order and preliminary injunction ordering his transfer in the Complaint. (Doc. 1, p. 8; Doc. 14). Plaintiff has also filed a motion informing the Court that he has been

transferred to Western Correctional Center and inquiring on the status of his case. (Doc. 15).

As Plaintiff has been transferred, his request to be transferred out of Shawnee is **DEEMED MOOT.** See *Higgason v. Farley*, 83 F.3d 807, 812 (7th Cir. 1996); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). The motion for status is **GRANTED in part** in light of this Order. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket. The motion for status is **DENIED in part** as to his request for advice on "what [he] can do to get all" his post-conviction legal paperwork that was taken from him while he was at Shawnee returned to him. The Court cannot provide Plaintiff with legal advice or inform him on how to navigate internal prison procedures. To the extent Plaintiff believes he has a constitutional claim regarding the confiscation of his legal documents, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claim.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Darren Galloway. Because there are no surviving claims against Loftus and Hughes, the Clerk of Court is **DIRECTED** to terminate them as defendants. The Clerk of Court is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Galloway the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by

Case 3:24-cv-01405-SPM    Document 17    Filed 11/06/24    Page 6 of 6    Page ID #47

the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 6, 2024**

                                                                *s/Stephen P. McGlynn*
                                                                **STEPHEN P. MCGLYNN**
                                                                **United States District Judge**

Page 6 of 6